IN THE UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

Allan C. Mugan,                         )
                    Petitioner,         )
                                        )
v.                                      )   Re: 10-1808
                                        )
                                        )
UNITED STATES OF AMERICA,               )
                    Respondant.         )

APPLICATION FOR ISSUANCE OF
CERTIFICATES OF APPEALABILITY
F.R.App.P 22(b)

COMES NOW, Allan C. Mugan (Petitioner), unrepresented /
Pro-Se and for the reasons set forth in the accompanying Points
and Authorities requests this Honorable Court to Grant him
Certificates of Appealability on each issue/grounds presented.

This Court has jurisdiction to entertain certificates requested
under 28 USC § 1291. Even though petitioner never requested
any Certificates of Appealability, the District Court sua sponte
denied that any should be granted.

Petitioner moves this Court for a Certificate of Appealability
within the meaning of section 2353(c) of Title 28 of the United
States Code and Rule 22(b) of the Federal Rules of Appellate
Procedure.

Respectfully submitted,

Date: May 10, 2010

*Allan C. Mugan*

Allan C. Mugan, Pro-Se

IN THE UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

Allan C. Mugan,                        )
                    Petitioner,        )
                                       )
v.                                     )   Re: 10-1808
                                       )
                                       )
UNITED STATES OF AMERICA,              )
                    Respondant.        )

POINTS AND AUTHORITIES
FOR CERTIFICATES OF APPEALABILITY

I.  Nature of District Court Proceedings

On August 27, 2007, Petitioner filed a petition for a Writ
of Habeas Corpus, as authorized by section 2255 of Title 28
of the United States Code.  Therein, Petitioner argued that
his detention by the authorities of the United States government
was unconstitutional because:

A.  Jurisdiction of the United States was lacking, as was
the jurisdiction of Hampton, Iowa police and the Postal Inspector.
The jurisdiction as pertaining to subject-matter was also challenged
with regards to the United States District Court before, during
and after sentencing.  (Petitioner concedes that the United
States has jurisdiction.)

B.  Both retained and court-appointed counsel were ineffective;
i.e. not acting under prevailing professional norms guaranteed
by the Sixth Amendment.  If fact, this Court may well agree

- 1 -

with Petitioner that retained trial counsel's ineffectiveness permeated the entire adversary process as to provide no assistance at all. To wit, more than 36 separate grounds of ineffective counsel were cited by Petitioner. Not one of these grounds was refuted by the government with any substantial evidence.

C. The District Court acted with a biased (i.e. not impartial) disposition during the proceedings but denied Petitioner's request for recusal. The District Court, in adjudicating Petitioner's section 2255 motion, abused its discretion in not granting the motion, not granting an evidentiary hearing, and/or expanding the record. Petitioner also contends that the District Court usurped authority, or at the least, abused its discretion by denying -- sua sponte -- a certificate of appealability. As will be demonstrated _infra_, there were many critical and fatal flaws in Mr. McGuire's (the retained attorney) representation; flaws where the ineffectiveness is, without exception, totally unreasonable (at least where the claim is arguably debateable).

II. Procedural Status of Case

An application directly to the Court of Appeals for a Certificate of appealability is appropriate in this case because:

A. The District Court entered a final, appealable judgment in this mater on March 29, 2010 which denied Petitioner relief on his petition for Habeas Corpus.

B. Petitioner desires to appeal this judgment, as is authorized by section 2253(a) of Title 28 of the United States Code. However,

section 2253(c)(1) and Appeallate Rule 22(b)(1) require a certificate of appealability as a precondition to the appeal.

C.   The District Court, in this case, sua sponte ruled that a certificate of appealability shall be denied.  [Note: Petitioner never requested a COA from the District Court.  Therefore, no briefing on the issues comprising "a substantial showing" were ever presented.]

Specifically, Judge Reade stated:

> "[T]he court finds that movant failed to make the requisite 'substantial showing' with respect to the claims that he raised in his 28 USC § 2255 motion ... Because he does not present a question of substance for appeallate review, there is no reason to grant a certificaet of appealability.  Accordingly a certificate of appealability shall be denied.  If he desires further review of his 28 USC § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman, 122 F3d at 520-22."

The order of the District Court is attached as Exhibit "A".

In short, the District Court denies Petitioner his Certificate of Appealability by alleging an insufficient showing when, in fact, no showing was ever submitted by Petitioner.

Upon review of the District Court's March 29, 2010 order, a reasonable jurist should plainly see that Petitioner's claims (including claims of new evidence) warrant further review. This is especially true in light of the fact that the Judge's March 29, 2010 order is 85% (literally) boilerplate, discovered word for word in more than 15 other section 2255 filings.  [Note: The record should reflect that Judge Reade has decided 52 writs of habeas corpus under section 2255, based on review of cases

- 3 -

via the search engine provided on USP Marion's legal computer.]
Of those 52 caes, Judge Reade has granted absolutely "zero"
motions for relief. She has, in sum, determined that in every
case, 100% of the time, the government is correct and that the
petitioner is wrong and should be denied. Can it really be
so simple?

Judge Reade's denails were not directed at Petitioner's
case specifically or to any facts specifically germane to Petitioner's
issues. On the contrary, the denial was (with respect) an **ipse
dixit** condemnation of the very idea of review.

D. A timely notice of appeal was filed in this matter,
by Petitioner, on April 23, 2010 and dockted April 26, 2010.

E. As Petitioner did not apply for a COA from the District
Court, there are no application copies or supporting papers
attached to this request.


III. Argument in Support of Issuance of Certificate of Appealability
    A. ISSUES (outline):
        1. Whether the District Court committed plain error,
           usurped authority, or abused its discretion when
           it sua sponte denied Petitioner a COA where it
           was never applied for?
        2. Whether the District Court committed plain error,
           usurped Authority, or abused its discretion when
           failing to provide conslusions of law or findings
           of fact with regard to the jurisdictional claims

- 4 -

and some 36 additional claims predicated on ineffective assistance of counsel in a section 2255?

3.  Whether there is a sufficient showing that the section 2255 contains the necessary indicia of truthfulness and specificity to require an evidentiary hearing?

4.  Whether there was a sufficient showing of newly discovered evidence for the District Court to sua sponte order an evidentiary hearing or other relief justified by the circumstances?

5.  Whether the District Court should recuse itself?

B.  ISSUES (Details):

Petitioner has raised substantial showing of denial of constitutional rights with regard to the following issues:

1.  The District Court's sua sponte denial of issuance of a certificate of appealability was unreasonable, particularly because it was merely a boilerplate recitation of what the law allows, without application of the law to petitioner's circumstances.

By way of regurgitating boilerplate from 15 other 2255 petitions (word for word), the District Court asserts,"Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite 'substantial showing' ..."

At first blush this "quote" hints that the District Court thoroughly reviewed the record in Petitioner's case.  In fact, the effort is only part of a "cut & paste" event on the court's

- 5 -

part. There is nothing in this boilerplate which points to
any of the constitutioal issues advanced by Petitioner, or any
of the numerous pieces of evidence (none examined or discussed
by the court) which proves those issues.

Petitioner's showing, in this instance, is not only substantial,
it is sufficient to impel further review by this court. A reasonable
jurist would debate whether it was wrong for the District COurt
to order the denial  COA without taking into consideration the
showings (i.e the denial of constitutional rights) a movant
could present. This is especially true in a complex case such
as this one, where movant has alleged  a denial of **any**, let
alone effective,assistance of counsel. Without intent to disrespect,
the District Court judge has evaded the entire process of review
and chosen, instead, the expedient of merely concluding (<u>ipse
dixit</u>) that no relief is necessary so there is no reason for
the appellate court to be burdened beyond the provision of a
"rubber stamp". Humbly, Petitioner is more than fearful that
justice may be denied him.

A District Court in the Eastern Division of Michigan, <u>Brown
v. United States</u>, 187 FS2d 887, 890, has declared that "a district
court should not deny a COA before it is applied for." Petitioner
contends that this is logical.

As is demonstrated below, there should be no doubt that
this Petitioner is incarcerated illegally and that a travesty
or miscarriage of justice has occurred. Because of the evidence
that Petitioner's incarceration is unconstitutional, and because

- 6 -

the District Court has denied (without explanation) every single issue presented ... Petitioner's faith in justice has been effectively obliterated. Petitioner apologizes, in advance, to this Honorable Court for the appearance of any unintended disrespect. Simply put, Petitioner urges the justices of the Eighth Circuit to review Petitioner's 2255 motion searchingly, to discover precisely those issues which the lower court refused to address in any meaningful (and reviewable) manner.

2.  The District Court committed plain error, usurped authority, or abused its discretion when failing to provide conclusions of law or findings of fact in its March 29, 2010 order. This cast a monumental burden upon the Appeals Court to actually review each issue primarily. As the circuit justice(s) review the District Court's order of March 29, 2010, it is transparent that the Distrcit Court made no endeavor to articulate conclusions of law or findings of fact.

On April 9, 2010, Petitioner moved the District Court to provide such articulation (see attached exhibit "B"). The District Court replied on April 13 , 2010, stating further explanations were unnecessary (see atached exhibit "C").

Because the trial court created no record regarding the findings of fact and conclusions of law in respect to each of Petitioner's constitutional violation assertions (e.g., Fourth Amendment search & seizure violations where counsel, under the Sicth Amendment was ineffective), the District Court's legal determinations (e.g. no evidentiary hearing is required, inter

- 7 -

alia) are due no deference.

As Petitioner stated in his motion for articulation, the District Court's order was/is unduly vague and permits him no alternative but to unnecessarily repeat each ground in his section 2255 as an issue for certificate of appealability. This is unfair to both Petitioner and the Eighth Circuit. Being compelled, however, Petitioner adopts his 2255 in full for the purpose of this Certificate of Appealability.

Based on the District Court's order, one cannot determine which issues the district Court actually found to lack material facts in dispute. There is also no indication as to which isses the District Court denied on their merits and which ones the Court deemed procedurally defaulted. (See page 3 of the March 29, 2010 order; exhibit "A": "with respect to the merits of the movant's claims [note: there is no indication as to which of the 42 claims the judge is referring to] the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance.") This is not a review of a 2255; it is a wholesale adoption of whatever the government has put forth.

This one statement, existing word-for-word in more than 15 section 2255 cases denied by Judge Reade, conveys to the reader that every single claim, every single piece of irrefutable evidence, and backed by circuit precedent case law, in every ground listed by Petitioner is not entitled to scrutiny because every single reason in the government's resistance is correct.

The appellate court's attention is directed to page 3 of

the District Court's order (Exhibit "A"), specifically, the
only non-boilerplate paragraph (¶ 1) where Judge Reade simply
adopts the government's conclusios (wholesale) whithout any
discussion of facts or law, or any explanation as to how the
facts and law relate to each other.

The Court first adopts the government's conclusion that
**"Counsel provided professional and effective assistance to the
Movant."** The fact is Petitioner raised 36 grounds of ineffectiveness,
directed at retained or court appointed counsel. (See Petitioner's
2255 filings and Exhibit "D".) These claims of deficiency (pertaining
to pre-indictment & arrest, the plea process, sentencing, and
the appeal) were all reinforced by Petitioner, who provided
specific facts and newly discovered evidence as exhibits supporting
those facts. Petitioner contends that in an overall review
of counsel's performance, a reasonable jurist could easily assess
a total denial of counsel. Moreover, Petitioner has presented
both cause & prejudice, as well as a miscarriage of justice
standard in his claims.

The Court then adopts the government's conclusion that
**"counsel's actions did not prejudice the movant's defense."**
The fact is the errors of counsel were so numerous that Petitioner
informed the district court it was difficult for him to discern
at what point in the proceedings the outcome would have been
altered had counsel performed in accordance with law.

The District Court's wholesale, "rubber stamp" adoption
of the government's conclusion regarding the effectiveness of

- 9 -

counsel should earn no deference. Where a defendant raises multiple claims of ineffective assistance of counsel, each claim must be examined independently rather than collectively. (See Hall v. Luebbers, 296 F3d 685, 692 (8th Cir. 2002); Griffen v. Delo, 33 F3d 895, 903-04 (8th Cir. 1994))

The Court next adopts the government's conclusion that **"the district court cannot disturb issues the Eighth Circuit has resolved on direct appeal."** The fact is, Petitioner specifically questioned the interpretation of the word "materials" as utilized in 18 U.C.S. § 2251(a), not the constitutionality of Congress' ability to regulate commerce, as was frivolously argued by Petitioner's counsel. The government suggestion that "materials" can be defined as memory cards or camera is unsupported in all cases where Congress has penned the term, except when expressly referring to equipment such as counterfeiting machines. Petitioner raised this issue and has amassed numerous documents for an evidentiary hearing to support his claim. The government did not elaborate on this except to insinuate to the district court that the matter had already been settled in Petitioner's case before the Eighth Circuit on direct appeal. To be clear, the issue denied on direct appeal was **not** this issue at all.

The Court next adopts the government's conclusion that **" the movant's claims are procedurally defaulted."** The fact is, Petitioner fails to comprehend where the government determined that all of his grounds for relief are, by law, procedurally defaulted. What is more troubling is that the District Court

- 10 -

adopts the government's unsupported conclusion wholesale.  In
reality, it is fatuous to believe thatthe Court (or government)
actually thinks that all of Petitioner's claims are barred proced-
urally.  Perhaps this is why the District Court decided to simply
conclude that it deems it appropriate to deny Petitioner's 2255
for the reasons (all of them) stated in the government's resistance.
Specifically, that the government contends Petitioner's grounds
unavailing because Petitioner's claims (all of them?) are proced-
urally defaulted.  To be sure, the government **only** alleges a
procedural bar pertaining to three grounds, and each allegation
is unsupported.  Specifically, a procedural bar was alleged:
in  Ground 2, where Petitioner contests  postal inspector authority;
in Ground 3, Petitioner asserts insufficient evidence; and in
Ground 5, where Petitioner argues prosecutorial misconduct during
grand jury proceedings.

When replying to the government's averments, Petitioner
asserted that not only did he raise these issues independently,
but he also raised each issue under a claim of ineffective assist-
ance of counsel (i.e., because counsel should have raised the
constitutional violations at the earlier appropriate time).
Postal Inspector authority was argued anew under jurisdiction
and violations of due process.  For example, with regard to
due process, there was nothing in the Hampton, Iowa police invest-
igation indicating Petitioner had violated any law.  They allegedly
had some images they printed from an alleged memory card; that's
it; nothing else.  They questioned not one person to discover

- 11 -

who owned the alleged card, or who stored the alleged images, and critically important, there was no indication that the mail was used or that there was any intent to use the mail. To be clear, not one stamp, not one letter, not one envelope, and not one package was found or seized in the execution of the illegal search. As there was absolutely no authority for a postal inspector to intervene, Petitioner's due process rights were violated when the inspector inserted himself into the local case. When the postal inspector intervened, there was no "criminal matter related to the postal service and the mails" to be invest-igated (see 18 U.S.C. § 3061(a)). In short, the F.D.A. and the F.A.A. had as much authority to investigate this case as did a postal inspector.

Tellingly, the lack of justification for the postal inspector's intervention explains why the government presented a pathetic excuse for the intervention: "It is reasonable to believe that a person **accused** of illicit sexual conduct with a minor will have sent or received child pornography through the mail."

As a **reasonable** jurist, take a moment to consider the govern-ment's pontificatory leaps of inference used to justify the postal inspector's involvement:

Leap #1: That an allegation of illicit sexual conduct with a minor portages to child pornography crimes;

Leap #2: That child pornography portage to the use of the mails; and

Leap #3: That the never demonstrated use of the mail warrants

- 12 -

intervention by the postal inspector.

This is a series of unreasonable leaps used to justify the postal inspector's authority to investigate alleged conduct solely taking place in a private residence. A stretch this far, according to the government, would also mean the postal inspector could investigate an alleged illegal moonshine still simply because it is reasonable to believe the moonshine might be mailed to buyers. The existance of a possibility that sexual abuse may have occurred does not generate probable cause to believe that this same accused person sent or received child pornography through the mail.

Because counsel failed to bring these matters to the court, the issue pertaining to the postal inspector's authority was bypassed, violating Petitioner's substantial due process rights and thereby prejudicing Petitioner. It is apparent that the charges would not have withstood a challenge of the inspector's authority.

Similarly, Ground 3 (insufficient evidence) was also argued under ineffective assistance of counsel, thereby overcoming a procedural challenge. To be clear, Petitioner provided documented evidence (iron-clad) that if counsel had investigated the "evidence", he would have discovered, for example, that Hampton police kept no records, no chain of custody and no reference as to integrity of the "evidence". This is neither conclusory nor inherently incredible, and in fact, is fully supported by the documentation Petitioner provided to the District Court.

Appellate Case: 10-1808    Page: 14    Date Filed: 05/21/2010 Entry ID: 3667469

Consider these facts:

(i)  According to petitioner's attorney (McGuire), who recounted in his office memorandum the statements made by the postal inspector at the grand jury, the inspector testified that the images of pornography were discovered on the memory card located inside the digital camera.

(ii)  In fact, there was an inventory record produced at the search location which evidenced seizure of a digital camera (presumably with a memory stick inside).  There was no other memory stick seized from the home according to this inventory sheet.

(iii)  Petitioner has documents provided by the Hampton police department, however, indicating that there was no porno-graphy discovered on the memory stick within the camera.  Instead, the police department claims there was a second memory stick (i.e., one not listed as seized from the home) where the alleged images were discovered.

(iv)  On the day after the search, the Hampton police depart-ment produced another "Items Seized Inventory" which is clearly doctored.  Specifically, someone added a second memory stick to the inventory list **as if** the entry was made in the original document.  (The entry is clearly in another person's handwriting and forced the production of an additional page of information with "mark-outs" to make it appear as if 4 pages always existed.)

Petitioner was seeking an evidentiary hearing where he could present these documents proving ineffective assistance

- 14 -

of counsel and insufficient evidence to warrant a knowing and voluntary plea. The District Court, however, dismisses this claim (and all the others)without outlining the facts or explaining how the facts fail to warrant relief. The Court's acceptance of the government's "procedural bar" does nothing but prevent the actual evidence from controlling the outcome. In short, because this "evidence " (i.e., the second memory card) was the only item relied upon by the government to prosecute, and because counsel failed to uncover the aforementioned facts pre-indictment, pre-trial, or pre-guilty plea, counsel was totally ineffective under Cronic. The prejudice is obvious. Petitioner raised this claim of insufficient evidence under subject-matter jurisdiction, Jackson v. Virginia, and ineffective assistance of counsel. Therefore this issue was not procedurally defaulted.

The Circuit Court's attention should also be directed to the credibility of witness testimony (an issue provided by Petitioner to the COurt) as this issue also falls under insufficient evidence to support a conviction. If the District Court were to have admitted the above tainted evidence, the Petitioner would have discredited the government's only "witness" which, in turn, would have overturned the government's case.

As for Ground 5 in Petitioner's 2255 being procedurally defaulted, Petitioner, standing by his claims within this ground, avers the argument presented this far should be sufficient to warrant remand without the need of presenting more evidence.

The Court next adopts (wholesale) the government's conclusion

- 15 -

that "**the court properly exercised jurisdiction over the movant's case**". Except as to the due process violation, and jurisdiction of the federal entity (postal inspector) discussed above, Petitioner will concede the authority of the federal court under the circumstances.

The Court next adopts (wholesale) the government's conclusion that "**the movant waived certain claims by knowingly and voluntarily pleading guilty**".

It is absolutely impossible to know -- from this conclusory statement what "certain claims" are waived -- which claims were actually waived? All of them? Some of them? Most of them? Half of them? Only the ones which were also deemed "procedurally barred? Even the Court of Appeals is blinded to what the lower court actually decided. how can this be found to provide a basis for review?

The government, in its resistance (page 21) states:

> "In the course of making many of his claims of ineffective assistance of counsel, defendant places himself in the awkward position of alleging that counsel failed to find exculpatory evidence or investigate defenses relating to an offense to which he knowingly and voluntarily pled guilty. The aforementioned standard of cause and prejudice for claims of ineffective counsel **naturally applies** to the contect of a defendant claiming ineffective assistance of counsel for advising the defendant to plead guilty and thereby attacking his guilty plea. In such a case, defendant would have to demonstrate that counsel's advice to plead guilty was incompletent and that, but for counsel's advice **or** alleged failure to inform defendant of a **reasonable** alternative, there exists a **reasonable** probability that he would not have pled guilty. Taylor v. Bowersox, 329 F3d 963, 972 (2003)." (emphasis added)

If there was evidence which pointed to another, or that

Appellate Case: 10-1808    Page: 17    Date Filed: 05/21/2010 Entry ID: 3667469

exonerated a defendant, which counsel ignored, this would be a cause of ineffective assistance of counsel. The issue of prejudice necessarily would center upon whether the attorney's failure to competently investigate any material facts prejudiced the defendant's ability to make an intelligent and voluntary plea of guilty.

As a result of the evidence never seen by the court previously, that Petitioner submitted to the Court in his habeas corpus action, it is clear that Petitioner's guilty plea was anything but knowing or voluntary. [Note: The District Court, in its order, failed entirely to even recognize Petitioner's claim of an unconstitutional guilty plea process.

In short, the government, in its quote above, states that the only requirement to attacking a guilty plea via ineffective assistance of counsel, would be for the Petitioner to allege counsel's failure to inform Petitioner of a reasonable alternative. And had the Petitioner been aware of the alternative, there would be a reasonable probability Petitioner would have pled not guilty and would have insisted that the government prove his case at trial, unanamously, to twelve jurors, beyond reasonable doubt.

Because Petitioner could show at an evidentiary hearing that his guilty plea was unknowingly, unvoluntary and coerced under duress, the District Court's reliance on **any** claims being waived by a "knowing and voluntary plea is an abuse of discretion. To be sure, the only way for the Court to adopt the government's

Appellate Case: 10-1808    Page: 18    Date Filed: 05/21/2010 Entry ID: 3667469

position is by ignoring the harm caused by the plea itself.

The Court next adopts (wholesale) the government's conclusion that **"the statute of conviction is constitutional"**. The fact is, Petitioner does not contest the constitutionality of the statute. The District COurt's and the Eighth Circuit's interpretation of the statute, however, is contested with regard to the term, "was produced using materials". At an evidentiary hearng, Petitioner is confident the Courts will have no alterantive but to agree that, per congressional intent, "materials" are not cameras, memory cards and the like. "Materials" as used in congressional findings and other criminal statues always means the **content** of what something else is comprised of.

The Court next adapts (wholesale) the government's conclusion that, **"law enforcement and the postal inspector acted lawfully."** The fact is, the government submitted nothing in its resistance substantiating the lawful jurisdiction of Hampton, Iowa police. The only argument from the government with regard to postal authority was in asking the District COurt not to apply the specific language contained in the congressional statute ("to investigate criminal matters related to the Postal Service and the mails") and to stretch its meaning to endorse the government's needs (i.e., to be flexible). The government provided two inapposite cases where postal employees initiated drug sales at the post office. The government's cases actually support Petitioner's position.

There exists no right granted to any court in America to

- 18 -

change the wording or clear meaning of a congressional statute. 18 U.S.C.§ 3061 is very clear and plain. There exists no vague or ambiguous language within this statue and Petitioner provided the District Court the statute in its entirety. There simply is no authority granting a postal inspector a police power to investigate non mail/postal related conduct allegedly having occured solely within a private residence.

Lastly, the Court adopts the government's conclusion that, **"sufficient evidence supports the movant's conviction"**. In fact, the government possesses no evidence as is required under Jackson v. Virginia. In considering the arguments in the government's resistance surrounding their "overwhelming" case against Petitioner, the author repeatedly boasts the strength of the government's evidence. Now consider the government's evidence: There is a print-out of images which were extracted from a memory card lacking a chain of custody. There is no evidence demonstrating What software was used to actually produce the images and Petitioner's attorney never hired a forensic investigator to determine when they were produced or if they were altered. The postal inspector provided sworn testimony that this memory card came from inside the camera. The police have admitted that it did not. A faulty chain of custody and uncertainty, with regard to the origin of the image, renders the evidence inadmissable. The government claims it possesses the letters of confession and Petitioner's allocution as evidence. The fact is, without legitamate evidence (i.e., the images), there never would have

- 19 -

been any letters or allocution. The government attempts to use "alleged items" as proof of a crime. Letters are not evidence unless there is testimony to corroborate the letter and their content. At a trial the letters would have been found to be seized illegally. If not, there are many scenarios where they would have been found inadmissable. The allocution the government speaks of was typed by a paralegal and sent to the Court with no signature. There is no proof this so-called allocution or any part of it, was authored by Petitioner. Last, but not least, the government presents Petitioner's guilty plea to the indictment. This is the only fact the government rests on entitling it to lie to the District COurt in its resistance, e.g., the government states repeatedly in its document there was images of defendant having intercourse with his daughter. The fact is, the Petitioner's spouse identified a hand in one of the photos as that of Petitioner's. The only identification of the alleged "intercourse" photo was made by the postal inspector. When asked by the grand jury if the intercourse photo showed the girl's face in that photograph, the inspector said, "No, you could only see a portion of herbody from below her neck to below the male's chest area. Just that portion." Then he was asked if in his opinion it was the same girl to which he said, "Yes". There was no identification by **anybody** as to who the male was in the alleged photo. This is another area of ineffective assistance of counsel where Petitioner has long wondered why his counsel never made an attempt to discover male's identity.

- 20 -

Petitioner stated in his 2255 that counsel believed petitioner was guilty and dispicable and therefore counsel's conflict of interest prevented him from performing any adversarial duties. None of the other alleged images were identified. Given that Petitoner pled guilty, the government took full advantage of that by stating all kinds of things that were not true and, to which it had **no** evidence of.

In sum, the <u>ten</u> issues addressed <u>supra</u>, all exerpted from the District Court order, comprises the entire non-boilerplate basis used by the Court to summarily reject Petitioner's 2255.

It is worth noting: there is no mention by the District Court about (i) any fact or conclusions regarding the unconstitutional search and seizure; (ii) the plea agreement; (iii) The plea process or the resulting unconstitutional guilty plea; (iv) the illegal sentencing; (v) The <u>Apprendi</u>, <u>Blakely</u> or <u>Booker</u> claims; or (vi) the issue of ineffectiveness pertaining to the foregoing items or the appeal.

The remaining portions of the District Court's March 29, 2010 order is pure boilerplate. Although a Court is probably entitled to use some boilerplate language in fashioning their opinions, it seems unlikely in this case that the language directed toward another defendant, in a totally different aspect, would so perfectly and summarily fit the numerous allegations (with exhibits) Petitioner has presented for review.

In <u>VanHorn V. Trickey</u>, 840 F.2d 604, (8th cir. 1988) The Court there held: "Although in approving a settlement the district court need not undertake the type of detailed investigation that trying the case would involve, it must nevertheless provide the Appellate Court with a basis for determining that its decision rests on well-reasoned conclusions and not mere boilerplate."

In <u>Missouri Coalition V. U.S. Army Corps of Eng'Rs.</u>, the Eighth Circuit stated: "Boilerplate or conclusory affidavits, standing alone,

- 21 -

are insufficient to show that no genuine issue of fact exists.

Also informative is a Ninth Circuit case, <u>Shrestha V. Holder</u>, 590 F.3d 1034: "Boilerplate opinions, which set out general legal standards yet are devoid of statements that evidence an individualized review of the Petitioner's contentions and circumstances, neither afford the Petitioner the review to which he or she is entitled, nor do they provide an adequate basis for this Court to conduct its review."

Whether a districtcourt's ultimate decision turns on factual determinations or on a choice between competeing legal principles or on the manner in which the legal principles are applied to the facts, the district court must provide an indication of its rationale that is sufficient to permit meaningful appellate review. This did not take place in Petitioner's case.

Specification of the grounds on which the District Court denied the Habeas petition would seem to be especially necessary where, as here, the Petitioner is not represented by counsel. Without an explanation of the Court's rationale, Petitoner (proceeding pro-se) is unable to make an intelligent decision as to whether --and what issues -- to attempt an appeal. To be candid, Petitioner has no idea what would constitute an orderly appeal under the circumstances presented in the District Court's order.

Finally, this Court should reject the district court's contention that, under <u>Slack V. McDonald</u>, it could not properly issue even a limited COA of any of Petitioner's claims unless it found that Petitioner had made a substantial showing of a denial of a constitutional right. Although the substantial showing standard would apply where the district court rejected the Petitioner's claims on their merits, it could be concluded that it was not applicable at this stage of the case, where the district court has not disclosed whether it rejected any given claim on the merits or instead rejected the claim solely on procedural grounds.

In this present case, Petitioner finds it difficult to discern whether the district court's assessment of the constitutional claim is debateable or wrong because Petitioner cannot tell whether the district court even made such an assessment, as opposed to drminssing on procedural grounds. It is clear, however, that Petitioner's petition states valid constitutional claims. (See generally Haines V. Kerner, 30 L.Ed.2d 652 (1972). (pleading of pro-se litigant is to be construed liberally). Thus, one of the Slack questions to be answered where the district court has dismissed the petition on procedural grounds must be answered favorably to petitioner. Nor can it be said, assuming that the district court dismissed his petition on procedural grounds, which of the procedural grounds proffered by the government wer selected by the district court.

The writ of Habeas Corpus plays a vital role in protecting consti-tutional rights. In setting forth the preconditions for issuance of a COA under §2253 (c), Congress expressed no intention to allow trial court procedural error to bar vindication of substantial constitutional rights on appeal. Slack 529 U.S. at 483. Just as the Slack court found no indication that Congress meant to allow a trial court procedural error to prevent review when the Petitioner has stated a constitutional claim, there is no indication that, when such a claim has been stated, Congress meant to preclude review because the district court has rendered its decision in a manner that leaves unclear the basis for its decision.

For the reasons discussed above, this Court can conclude that the District Court's wholesale adoptions of the Government's multi-alterna-tive resistance to the present Habeas petition, and/or boilerplate roster of possible legal grounds for rejecting the habeas petition, provides an inadequate and inappropriate basis for meaningful determin-ation of whether a COA should issue.

3. Petitioner's written application for relief under §2255 contains adequate clarity and specificity to require an evidentiary hearing.

The eight Circuit reviews de novo a district court's denial of a §2255 without granting an evidentiary hearing and will affirm **only** if the motion, files and records "concusively" show the movant is not entitled to relief. (see Buster V. United States, 447 F.3d 1130, 1132 (8th cir. 2006).

A Ditrict COurt does not err in dismissing a movant's section 2255 motion without an evidentiary hearing if 1) the movant's allegations, accepted as true, would not entitle the movant to relief, or; 2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible or are conclusions rather than statements of fact. (see Sanders V. United States, 341 F.3d 722 (8th cir. 2003).

Petitioner is entitled to an evidentiary hearing on his allegations because the motion,its exhibits of newly discovered evidence, the files and records do not "conclusively" show that he could not establish facts warranting relief under §2255. The statutory standard "conclusively show" means that under no circumstances could the petitioner establish facts warranting relief. (see Fontaine V. United States, 36 L.Ed.2d 169 (1973).

"Conclusive" means: absolute, certain, definite and indisputable. Therefore a "conclusive Showing" would be, "one without any doubt whatsoever and unqestionable."

Petitioner was not required to "prove" his claims in his §2255, or make a showing that he would win the eventual outcome. He only needed to present his claims in a manner sufficient to inform the District Court of their basic nature and of the basic facts that support them.

- 24 -

Eight Circuit precedent posits that issues of and regarding ineffectiveness of counsel requires a hearing to consider evidence not disclosed on the face of the trial record. Remand is necessary for an evidentiary hearing where the record is inconclusive on a claim for ineffective assistance of counsel.

In a case analogous to Petitioner, <u>Nelson V. United States</u>, 2008 U.S.app. Lexis 22338, the Eighth Circuit remanded for an evidentiary hearing where counsel failed to conduct adequate investigation and ill-advised Nelson. Counsel there, failed to make objections and failed to conduct adequate review of the trial record and the law and lastly failed to raise meritorious issues on appeal.

Here, in Petitioner's case, not only did he point to issues of where counsel was ineffective, he provided documentary evidence to support his contentions.

Here, too, Petitioner's counsel conducted what this Court would categorize as an inadequate investigation. He made no attempt (as his billing statement, provided to the District Court, shows) to speak with or question <u>anyone</u> at all. With the exception of the U.S. Attorney and the Postal Inspector. The list is perpetual in his failures to investigate as is shown in Petitioner's §2255 motion. The negligence of counsel resulted in a **total** denial of counsel. While the district court injected the <u>Strickland</u> standard, Justice may have been better served by employing the standards of <u>Cronic</u>.

This Court should note (and plainly see) that this is not a case where counsel did not investigate further as a "strategy," or because he thought it would be fruitless. Rather, Petitioner's counsel did not look for additional records or interview witnesses or police or consult with Petitioner for no other apparent reason than he believed he wouldn't adequately be paid.

Appellate Case: 10-1808   Page: 26   Date Filed: 05/21/2010 Entry ID: 3667469

Moreover, what possible evidence could have precluded counsel from investigating the state search and seizure and Fourth Amendment protocol "before" the federal government agencies even became involved? And, how was it that the Attorney failed to **Ever** bring up a Fourth Amendment issue despite all the problems with the warrant?

In Sum, defense counsel's investigation did not meet the ABA Guidelines -- the investigation was not undertaken to discover all reasonably available mitigating or exculpatory evidence. (Guideline 11.4.1 Investigation)

More importantly, even giving counsel the benefit of doubt, while avoiding hindsight or second-guessing strategy, his investigation did not meet what is required by the Supreme Court of the United States.

In addition, the minimal investigation counsel undertook exposed additional avenues he should have pursued, and like the attorney in Wiggens, counsel here chose to abandon [his] investigation at an un-reasonable juncture, making a fully informed decision with respect to plea-bargaining strategy impossible. 539 U.S. at 527-28.

When facts are contested in the pleadings and affidavits filed in a Habeas Corpus case, an evidentiary hearing is required to resolve them. (see Townsend V. Sain, 372 U.S. 293 (1963).

Petitioner claims that counsel (retained and Court-appointed) made errors so serious that the attorneys were not functioning as guaranteed by the Sixth Amendment. Their deficient performance prejudiced the de-fense. Counsel's representation rested soley on a motion to dismiss based on a Ninth Circuit case (provided by the Government) and in con-flict with Eighth Circuit precedent. Yet, counsel assured Petitioner he had the case beat and Petitioner would soon go home.

Before counsel's decision of having the case beat, he had convinced Petitioner there was no defense against the pictures. So when counsel

coerced him into the plea agreement (by fax machine) and eventually the verbal plea of guilty, counsel told Petitioner these acts were "just in case somehow the motion to dismiss was overruled, Petitioner would be protected from doing 20 years in jail." Petitioner still wonders to this day why, if counsel was so convinced of his motion to dismiss, he would make Petitioner plead guilty before that dispositive motion was decided? Even the plea agreement (authored by the Government) was fashioned in the terms that Petitioner would not plead guilty unless the motion to dismiss failed.

Counsel's deficient performance renders the results unreliable and all proceedings fundamentally unfair.

In Judge Reade's own words in Luker 2006 U.S.dist.Lexis 66748: "28 U.S.C.§2255 is intended to redress only "fundamental defects which inherently result in a complete miscarriage of justice" and "omissions inconsistent with the rudimentary demands of fair procedure." On ineffective assistance of counsel [she] states, " In sum, the Court **must determine** whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance."

"Must" is defined as: a requirement or as an obligation. "Determine" is defined as: to choose or come to a conclusion. WHerefore "must determine" means: The District Court Judge is obligated as a requirement to choose or come to a conclusion (a judgment by reasoning) on each ground of ineffective assistance of counsel based upon each ground's merit.

Petitioner has shown with documented evidence each instance where counsel was ineffective. For example, the search and seizure Fourth Amendment violations: by way of counsel's billing statement (provided to the Court), it is shown counsel did not talk to or question Hampton, Ia. Police. There is nothing  in his billing statement which even reference

the search warrant issues. After proving that counsel failed to investigate the search & seizure, Petitioner next submitted every document surrounding the application for search warrant through its execution. Petitioner's brief and the search warrant summary detailed the fatal flaws throughout the process. This provided the prejudice which resulted from counsel's failure to raise the issue. Without a doubt there was no probable cause to issue the warrant. Without a doubt, and acording to Eighth Circuit precedent, the warrant failed the required particularity requirement.

the adversary (i.e., the Government) to this litigation failed to offer any meaningful rebuttal or precedent in opposition to Petitioner's averments reagrding the search warrant issues. Likewise, the District Court did not elaborate on the issue, nor was there a determination (conclusion) made regarding whether counsel was ineffective for failing to investigate the search & seizure and move for a suppression hearing.

The District COurt's wholesale adoption of the government's resistance only serves to exacerbate the disregard pertaining to the illegal search and seizure claims. If counsel had raised these violations a suppression would have surely resulted.

Petitioner would not have pled guilty without first contesting the search had he known the option was available. Petitioner was not able to protect his rights on his own.

To be sure, what idiot --apart from one created through the ineffectiveness of counsel --would not pursue a huge issue such as search warrant infirmity that would preclude any prosecution at all.

4. The §2255 presented by Petitioner contained claims and evidence never before reviewed by the Court. These claims were not procedurally barred because they fell under the ineffective assistance of counsel umbrella. Petitioner has read caselaw which states the District Court

Appellate Case: 10-1808    Page: 29    Date Filed: 05/21/2010   Entry ID: 3667469

is allowed to raise sua sponte issues within a 2255 that a pro-se prisoner inadvertantly failed to raise on his own.

Here, the COurt should have at least acknowledged each claim and all newly discovered evidence and authorized an evidentiary hearing, if, for no other reason, to make this information part of the appellate Court's records.

5. Soon after Petitioner filed his §2255 petition, he moved the District Court Judge to recuse herself because of an appearance of impartiality. Petitioner chooses to temporarily withdraw the issue of recusal to allow the District Court the oppurtunity to articulate its position on the other issues in the 2255.

Petitioner's request in this instance is to stay the appeal of the denial of recusal without prejudice, retaining the right to raise the issue in any future appeals.

## CONCLUSION

In conclusion, Petitioner wishes to reiterate his total confusion as to how this application can be properly submitted or even if it is properly submitted for appropriate review. Petitioner contends that each ground of jurisdiction and ineffective assistance of counsel submitted via his §2255 is worthy of further review based on the District Court's blanket denial. Petitioner avers the District COurt's decision to deny every single issue where Petitioner states his constitutional rights were violated, was wrong, and is debateable by jurists of reason.

Wherefore, Petitioner requests that all of his grounds submitted in his §2255, some of which are referenced above as examples, be admitted to the Appellate Court's review in consideration of all issues petitioner presents.

- 29 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

ALLAN MUGAN,

   Plaintiff,

vs.

UNITED STATES OF AMERICA,

   Defendant.

No. C07-3059-LRR
No. CR03-3021-LRR

ORDER

---

  This matter appears before the court on Allan Mugan's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1) and motion for an evidentiary hearing (docket no. 66). On August 27, 2007, Allan Mugan ("the movant") filed his 28 U.S.C. § 2255 motion. On July 10, 2008, the court directed the government to respond to the movant's properly supplemented claims (docket no. 37). Between August 14, 2008 and November 12, 2008, the movant filed numerous documents that, among other things, attempted to clarify or address the merits of his original claims (docket nos. 38, 44, 45, 46, 52, 53 & 57). On November 21, 2008, the government complied with the court's order by filing a resistance (docket no. 58). In response, the movant filed his motion for an evidentiary hearing on January 26, 2009 and multiple documents between December 4, 2008 and February 22, 2010 (docket nos. 59, 62, 63, 64, 65, 69, 71, 74, 75 & 76). The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255 and motion for an evidentiary hearing.

  A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine

whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The movant asserts that an evidentiary hearing is necessary to resolve his claims. The court disagrees with such assertion and concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's ineffective assistance of counsel claims are without merit and/or frivolous and that no

2

violation of either the movant's constitutional rights or federal law occurred. As such, the court finds that there is no need for an evidentiary hearing. The movant's motion for an evidentiary hearing shall be denied.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that the forty-two grounds asserted by the movant are unavailing because: (1) counsel provided professional and effective assistance to the movant, (2) counsels' actions did not prejudice the movant's defense, (3) the court is unable to disturb issues that the Eighth Circuit Court of Appeals conclusively resolved on direct appeal, (4) the movant's claims are procedurally defaulted, (5) no prosecutorial misconduct occurred, (6) the court properly exercised jurisdiction over the movant's case, (7) the movant waived certain claims by knowingly and voluntarily pleading guilty, (8) the statute of conviction is constitutional, (9) law enforcement and the postal inspector acted lawfully and (10) sufficient evidence supports the movant's conviction.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The movant's pleadings are filled with inconsistent, contradictory, baseless or conclusory statements. It is difficult to discern from the record whether any of the movant's statements are true. Regarding the movant's specific claims, the court concludes that the

3

conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and any deficiencies in counsels' performance did not prejudice the movant's defense, *id.* at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsels' strategic decisions, the court finds that the record belies the movant's specious claims and no violation of the movant's constitutional right to counsel occurred. And, the court concludes that the movant's jurisdictional claims fail because the court and the postal inspector appropriately exercised authority that is delegated by the law. None of the alleged errors that are asserted by the movant warrant relief under 28 U.S.C. § 2255. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

4

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (docket no. 1) is denied.

2) A certificate of appealability is denied.

5

3) The movant's motion for an evidentiary hearing (docket no. 66) is denied.

**DATED** this 29th day of March, 2010.


LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

6

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

Allan C. Mugan,        )
Movant            )
                     )
vs.,                )      Re: C07-3059 LRR
                     )
United States of America,  )
Respondent       )

## <u>**MOTION FOR ARTICULATION**</u>

NOW COMES Allan C. Mugan (movant) unrepresented/pro-se in the above-entitled cause and hereby motions this Honorable Court to Articulate it's position regarding the Court's March 29, 2010 order.

In support of this motion, Movant states as follows:

1.      On August 27, 2007 Movant filed a motion pursuant to 28 U.S.C. § 2255 consisting of four (4) jurisdictional grounds, one (1) ground of prosecutorial misconduct, and thirty-eight (38) grounds of ineffective assistance of counsel. However, Movant informed the Court in his filings that the jurisdictional grounds and prosecutorial misconduct ground should also be considered filed due to the ineffectiveness of counsel.

In addition to submitting the grounds on which relief should be granted, Movant submitted some eight-eight (88) exhibits, a seventy-six (76) page brief and memorandum of law, and an appendix of the search warrant executed in his home on April 2, 2003.

1

2.     On July 7, 2008, after Movant had received the bulk of his research utilizing the Freedom of Information Act *(n.1)*, he filed a ninety-two (92) page supplement with thirty-eight (38) additional exhibits.

3.     As more newly discovered evidence reached Movant he passed along the information which strengthened his arguments in his § 2255. New evidence was probably no formatted in a correctly-titled document, but should have been considered newly discovered by the Court, due to pro-se Movant not being held to the stringent standards of an attorney at law. Such filings were to benefit the fact-finders mission and filed at docket entries 36, 38, 45, 46 and 52.

4.     All total the District Court had now received in excess of 120 exhibits "proving" the facts "Movant" set out in over 225 pages of points and authorities.

5.     Finding merit in Movant's § 2255, as well as facts that were not conclusory or incredible, the District Court ordered the government to respond to the § 2255 instead of summarily dismissing the action.

N.1. After months of effort to receive information by using, among other resources, the Freedom of Information Act, Movant received, and continued to receive over multiple months, the discovery file from the U.S. Attorney's offices in Washington, D.C.; files from the postal inspection service in Arlington, VA; records/documents/statements from the Hampton, Iowa City Attorney referencing the specifics of the search warrant issues; DHS and doctor reports; case files from both retained and Court-appointed counsel; criminal history information of witnesses as well as Movant's; et al. 98% of the records retrieved revealed information never previously viewed by Movant and therefore was newly discovered.

2

6.     The government responded, after more than 120 days, on November 21, 2008. The government response is based purely on conclusory statements. The issues raised by Movant with exhibits were not even attempted to be controverted by the government with any evidentiary materials which set out specific facts. The government must prove he is entitled to the Court's favor on the basis of undisputed facts, and significant probative evidence.

7.     Because the government's response overwhelmingly agreed with Movant's arguments set forth in his § 2255 filings, Movant moved the Court for summary judgment based on Federal Rules of Civil Procedure and Federal Habeas Rules practice and procedure. To which the government failed to respond, as per Court order, and then motioned the Court to strike the summary judgment motion. The Court's order granting the striking is now on review to the Eighth Circuit.

8.     On March 29,. 2010, the Court issued an order denying Movant's § 2255 Motion to Vacate. Movant did not receive the order until April 1, 2010.

Movant finds the Court's order unduly vague. There are no findings of fact addressing the evidence of Mugan's factual innocence, ineffectiveness of counsel, jurisdictional issues, or the many other constitutional errors. Any conclusions of law stated apply generally to any defendant and were not pointed to any specific facts specifically directed at Movant's evidenced facts.

3

Movant maintains the constitutional right of appeal to the Eighth Circuit Court of Appeals. As this Court has deemed a Certificate of Appealability inappropriate, Movant must make a substantial showing of the denial of a constitutional right as well as submit facts, which would show the Appellate Court where a reasonable jurist would find debatable or wrong or warrant further proceedings, on every single issue Movant brings.

In the context of this Court's order, it is impossible for Movant to decide what to present to the Court of Appeals. Movant believes he has submitted more than adequate evidence on every issue he presented to this Court, none of which was refuted by the government, so therefore believes the entire § 2255 with its exhibits and supplements/exhibits needs to be refilled to the Eighth Circuit. Movant has no desire to cast such a burden on a Court whose duty is one of review, not adjudication.

WHEREFORE, Movant requests this Honorable Court to articulate its March 29, 2010 order with findings of fact and conclusions of law specifically considering all material facts and conclusions of law specifically considering all material facts and exhibits submitted in all of Movant's filings in 07-03059 versus the conclusory statements with absolutely zero evidentiary support within the government's response.

Date: April 9, 2010                                    Respectfully submitted,

                                              S/ _Allan C. Mugan_

                                              Allan C. Mugan  08953-029
                                              U. S. Penitentiary
                                              P.O. Box 1000
                                              Marion, Illinois  62959
                                              Unrepresented/Pro-se

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| ALLAN MUGAN,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | No. C07-3059-LRR<br>No. CR03-3021-LRR<br><br>ORDER |

This matter appears before the court on Allan Mugan's motion for clarification (docket no. 86). Allan Mugan ("the movant") filed such motion on April 12, 2010. In the instant motion, the movant makes clear that he is dissatisfied with the manner in which the court addressed his timely claims. The court finds that there is no need to further address any of the claims asserted by the movant. Relief under 28 U.S.C. § 2255 is not available to the movant. Accordingly, the movant's motion for clarification is denied. As previously stated in its March 29, 2010 order, the movant may ask the Eighth Circuit Court of Appeals to issue a certificate of appealability with respect to any claim that he properly raised in his motion under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

**DATED** this 13th day of April, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA